1

2

3

4

5

6

7              UNITED STATES DISTRICT COURT

8              CENTRAL DISTRICT OF CALIFORNIA

9                   WESTERN DIVISION

10

11  JOSEPH MANUEL BRIONES,          )  No. ED CV 14-01695-VBK
                                    )
12              Plaintiff,          )  MEMORANDUM OPINION
                                    )  AND ORDER
13     v.                           )
                                    )  (Social Security Case)
14  CAROLYN W. COLVIN, Acting       )
    Commissioner of Social          )
15  Security,                       )
                                    )
16              Defendant.          )
    _____ )

17

18       This matter is before the Court for review of the Decision by the

19  Commissioner of Social Security denying Plaintiff's application for

20  disability benefits. Pursuant to 28 U.S.C. §636(c), the parties have

21  consented that the case may be handled by the Magistrate Judge.  The

22  action arises under 42 U.S.C. §405(g), which authorizes the Court to

23  enter judgment upon the pleadings and transcript of the record before

24  the Commissioner.  The parties have filed the Joint Stipulation

25  ("JS"), and the Commissioner has filed the certified Administrative

26  Record ("AR").

27       Plaintiff raises the following issues:

28       1.   Whether  the Administrative Law Judge ("ALJ") properly

1  considered the treating physician's opinion.

2  (JS at 2-3.)

3

4  This Memorandum Opinion will constitute the Court's findings of

5  fact and conclusions of law.  After reviewing the matter, the Court

6  concludes that the decision of the Commissioner must be affirmed.

7

8  **I**

9  **THE ALJ PROPERLY CONSIDERED THE OPINION OF THE TREATING PHYSICIAN**

10  On January 29, 2013, Plaintiff filed his Application for

11  Disability Insurance Benefits ("DIB"). (AR 150-151.) Plaintiff was

12  born August 4, 1981, and claimed in his Application that he became

13  disabled on October 1, 2010. (Id.)

14  Plaintiff had a ten-year history with the Army and four years

15  with the Air Force (AR 13, 33-35, 312.) He served several tours of

16  duty in Iraq and Afghanistan. (AR 34, 312.) In 2010, he began having

17  flashbacks and anxiety, and sought treatment. (AR 14, 35-36, 312.) The

18  Air Force determined that Plaintiff could no longer fly. (AR 41, 312.)

19  He applied for Veteran's Benefits and was awarded a 70% disability.

20  (AR 13-14, 42.) Plaintiff stays at home performing some household

21  chores and other activities of daily living, and lives with his wife,

22  who works full time, and their three young children. (AR 14, 38.)

23  At the administrative hearing held on March 7, 2014 (AR 28-50),

24  Plaintiff testified that he has a high level of anxiety which

25  sometimes overwhelms him; and that he has a hard time leaving his

26  house. He asserted that his mental or physical impairments would keep

27  him from doing even very simple unskilled jobs for eight hours a day

28  and five days a week. (AR 39.)

2

1    Since October 2010, Plaintiff has been receiving mental health
2    treatment (AR 313, 328-332.) In October 2012, his treating physician,
3    Dr. Adeyemo, wrote a letter on Plaintiff's behalf as part of an appeal
4    of the findings and recommendations of the U.S. Air Force Physical
5    Evaluations Board. (AR 335.) In that letter, Dr. Adeyemo rendered his
6    opinion that Plaintiff was severely impaired in his level of
7    functioning. (AR 334.) A similar letter was written by Dr. Adeyemo
8    addressed "To Whom It May Concern" on March 11, 2014. (AR 521.)

9    At issue in this case is the ALJ's rejection or depreciation of
10   Dr. Adeyemo's opinion, as set forth in the unfavorable Decision. (AR
11   9-24.) After reviewing all the evidence in the record, the ALJ
12   determined to give "little weight" to the opinion of Dr. Adeyemo,
13   asserting as the foundation for this assessment that the opinion is
14   brief, conclusory and inadequately supported by clinical findings;
15   that Dr. Adeyemo did not provide an explanation for the assessment or
16   any specific functional limitations that prevented Plaintiff from
17   working; and that the opinion is inconsistent with the objective
18   medical evidence discussed previously in the Decision, "which shows
19   multiple reports of decreased anxiety, nightmares and flashbacks with
20   prescription medication and therapy sessions." (AR 21.)

21   Plaintiff argues that Dr. Adeyemo's opinions should not have been
22   so severely depreciated because, he argues, Dr. Adeyemo did
23   acknowledge that Plaintiff has had some improvement, but was nowhere
24   near his "base line."

25   The Court has carefully examined the ALJ's Decision to determine
26   if it is supported by substantial evidence, and in particular, whether
27   the rejection by the ALJ of Dr. Adeyemo's opinion is supported by
28   specific and legitimate reasons, as required by well established case

1  law. See, e.g., Lester v. Chater, 81 F.3d 821, 830-31, 834 (9th Cir.

2  1995).

3      The Court observes that the ALJ's Decision does not resemble some

4  decisions which simply contain general statements about rejecting a

5  treating physician's opinion because it is inconsistent with the

6  objective medical evidence as a whole, without citations to that

7  particular evidence. Here, however, the ALJ clearly did a careful

8  examination of all the medical evidence, and in fact, summarized it in

9  great detail in his Decision before articulating his rejection, or at

10 least severe depreciation, of Dr. Adeyemo's opinion. (See, e.g., AR at

11 18-21.)

12     In fact, the ALJ's references to particular progress notes and

13 other medical evidence is supported by substantial evidence. For

14 example, on April 1, 2011, Dr. Adeyemo indicated that Plaintiff stated

15 he feels better and rated his own overall functioning as 80% on a

16 scale of 1 to 100%. (AR 471.)

17     On December 10, 2012, Dr. Adeyemo noted Plaintiff's statement

18 that he takes his children to school in the morning and picks them up

19 later in the day; he has been helping at home with some chores

20 including walking the dog; and that he has not experienced nightmares

21 or flashbacks in the past three weeks. He was casually but

22 appropriately groomed, and alert and fully oriented. He speech was

23 clear and relevant with no disturbances of thought processes or

24 contexts. There was no report of psychosis, and Plaintiff demonstrated

25 fair insight and judgment. (AR 477.)

26     The above examples are cited as being consistent, in the Court's

27 view, with the record as a whole, which the ALJ summarized in greater

28 detail. The Court cannot find that the ALJ's conclusion that

4

1   Plaintiff's progression shows decreased symptoms with treatment
2   compliance is not consistent with the record. (See AR at 21.)

3        With regard to Plaintiff's argument that the ALJ should have
4   accepted the opinion of Dr. Adeyemo that despite improvement,
5   Plaintiff has not reached his base line, the Court also notes that the
6   ALJ's determination of Plaintiff's Residual Functional Capacity
7   ("RFC") considered an evaluation that Plaintiff, although improved,
8   still had some symptomology, and determined that he can perform work
9   that is focused more on data or things rather than people; he must
10  avoid loud noises; he must avoid emergency and crisis situations and
11  fast paced or assembly line type work, that he is limited to non-
12  public work; and that his limitation is to work in a very structured
13  environment. (AR 13.) Considering the RFC adopted by the ALJ, it
14  cannot be stated that he totally rejected Dr. Adeyemo's opinion, or
15  certainly, the substantial medical evidence in the record as to
16  Plaintiff's mental health treatment since 2010, but in fact,
17  considered this evidence and factored it into his determination of
18  Plaintiff's RFC.

19       For the foregoing reasons, the Court determines that the ALJ's
20  opinion is supported by substantial evidence; that there are specific
21  and legitimate reasons set forth in the Decision to support the
22  depreciation of the treating physician's opinion; and for the
23  foregoing reasons, that Decision and the determination of non-
24  disability will not be disturbed.
25  //
26  //
27  //
28  //

1    The decision of the ALJ will be affirmed.  The matter will be

2  dismissed with prejudice.

3       **IT IS SO ORDERED.**

4

5  DATED: _April 30, 2015_              _____/s/_____
                                        VICTOR B. KENTON
6                                       UNITED STATES MAGISTRATE JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28